Good morning, Michael Morgus for Appellants. May it please the court, I'd like to reserve two minutes for rebuttal. Appellees take the position in their answering brief that appellants made a strategic decision to hold out for a second loan modification. That mischaracterizes this case. What appellants were holding out for... Could you please speak up a bit? Thank you. I'm sorry. Or just get closer to the start again? No, I'm sorry. Okay. What appellants were holding out for was a decision on the loan modification. That's what the purpose of the Homeowners Bill of Rights Act is. It sets forth procedural rights when you submit a loan modification application with certain timelines. The appellants were entitled to a decision. The lack of a decision, the lack of acknowledgement, the harm is what caused the harm here. The district court held that the whole dual tracking section just didn't apply. So it would be helpful to me if you address that question. Sure. The district court held that it did not apply because the district court, based on allegations made in the original complaint, found that the appellants submitted had already received a loan modification and were not entitled to the protection against dual tracking under 2923.6G unless they submitted an application stating that they had change in financial circumstances. That is the basis for the holding in the district court. What I wrote in the appellant's opening brief is that an appellant should be given an opportunity to amend, to allege a change in financial circumstances. The court granted. Before we get there, and I understand that point, my understanding is that the district court said that this wasn't a first lien because you already, this wasn't a first application. What's the exact phrase in the? Not a first lien loan modification. Right. Because it was the second, but in fact we know that first lien is defined in the statute to mean something else, to mean the priority. The most senior mortgage. Right. So that doesn't seem right, but then, on your view of the statute then, are you, what meaning is given to the to say that if you already have made an application or if you've defaulted on a modification, then you have to allege change circumstances. Does that still apply? In other words, does it amount to the same thing because if you already had a modification and you defaulted on it, you do have to allege change circumstances? That's correct. Even if it wasn't, not on the same application, but in a different application? Yes. So this is an application, the district court took the view that they already had a first lien loan modification that they defaulted on. So they were not entitled to have their application evaluated. And that they didn't show that there was a change or didn't allege that there was a change in financial circumstances under 2923.6G. That's when you submit a subsequent application. And that's to avoid delay by homeowners. First of all, I'd like to point out that here there's no evidence that this was submitted for purposes of delay. This wasn't multiple applications. These are people that, you know, whether it was a re-amortization, a reinstatement loan, or a loan modification, made payments for three years before they submitted this application in 2014. So this wasn't successive applications, just to forever stave off foreclosure. Do you agree that your clients did receive a loan modification? No. In the title of the document that they signed says loan modification? I guess the question is how do you get around that? Because I don't think the title of the document should control. You have to look at the terms of the document. Well, what was it then if it was not a modification? In the first amended complaint, it was alleged as a re-amortization of the loan. In the Garden Swartz case... Isn't that a modification? Well, that's what they talked about in Garden Swartz. They said, well, of course it's a modification. It changes. It's not the original loan exactly under the same terms. But like the appellants in Garden Swartz, we pointed out that there was simply an increase in the payment every month of $400 a month. That modified the terms of the loan because it was a different payment every month? And because you were not defaulted despite having previously not paid for a while? I suppose it could also be looked at as a waiver of certain terms of the original loan document. But increasing the amount... I suppose when you think of a modification, you think of terms that are going to be more favorable that are going to allow me to complete the loan under terms that make it possible. Here they just increased it. Could that be for fraudulent purposes? Could that be a setup? Can we go back to my question? Because I'm still trying to understand whether the dual tracking applies. The district court said that this was not an application for a first loan, lien loan modification, and it was because he was looking at first in a different way than the statute uses first. At most, it was a second application for a first lien. Right. Okay. So then it says... I want to know though, do you then agree, nonetheless, that the third... It says that they shall not record a notice of default until any of the following occurs. The mortgage server makes a written determination. Well, they never did anything. They didn't do that. The borrower does not accept an offer of first lien. Well, he never offered anything. The borrower accepts a written first loan, lien modification, but defaults on or otherwise breaches the borrower's under the first lien loan modification. Now, are you agreeing that that provision, that section has already occurred other than if you can show... Where's the change circumstances provision? G. Okay. But other than that, are you agreeing that that is our argument? Well, that isn't what you just said before. You said... Then why do you need... Then you don't need to allege change circumstances on that theory. Well, I suppose... There's two things. That's what I'm trying to understand. Do you agree that you have to demonstrate change circumstances, you just want a remand, or are you arguing that the statute doesn't, just doesn't apply to you, that provision doesn't apply to you because it only would only be triggered if on this go forward, I accepted a written first lien loan modification and then defaulted? Honestly, it's both of those. If the court views this application in 2014 as a second application, that first lien loan modification, then we want an opportunity to remand under subdivision G for change circumstances. You allege change circumstances in your complaint. If you did, where is it? Because I had trouble finding it. We did not allege change circumstances in those terms. Did you ever ask the district court, did you move the district court for leave to amend to file the change circumstances at any point in time? No, but I do not believe we need to move to amend. I can't think of the name of the case. You think you can move to amend in the Court of Appeals? Under the case I cited at page 30 in my, in our opening brief, we do not need to necessarily ask for leave to amend. The question is, can we state a cause of action? Now, that case is an old case. It's before Iqbal and Twombly ever hit the books. So that case is really based on a case that Iqbal basically consigned to the dust heap. Okay. Isn't that correct? I don't know, but I will take your word for it. That's dangerous. Well, I do have a backup plan. The court, the district court granted the motion to dismiss without leave to amend as to that cause of action in the first order, the order on the original complaint. So the appellants could not amend that cause of action, 2923.6. To allege a change in financial circumstances. So they never had that opportunity. The second order granting the motion to dismiss only went to the the single point of contact issue, the acknowledgement of receipt, and the unfair competition. So there was never an opportunity. Are you saying that now representing that you can amend the complaint to allege change circumstances consistent with Rule 11? Yes. I have seen the request. Tell us briefly what the change circumstances are that you could allege. A reduction in business on the part of Mr. Travis. That's substantially cut into their income. That's a change that they submitted that alleges the change circumstances. And there's a box right there that you checked on the request for mortgage assistance form that asked you to explain what are the circumstances. It doesn't say the words change in financial circumstances, but that's what it indicates, a change in financial circumstances. Okay, your time is up. I'll give you a minute in Good morning. Leslie Worland, McGuire Woods for the Appellee's Nation Star and Vera Prize. Let me address my comments. Tell me why the change circumstances provision even applies. I don't believe that it does. I want to go to the questions that the court raised with Appellant's Counsel. The first one is on this issue of the first lien loan modification. First lien is defined in the statute as the most senior lien recorded. There's no argument here that the prior modification that the borrowers received was a first lien loan modification. I know that Appellant's Counsel wants... I don't think he's arguing that. He's saying it was not a modification. Well, your honor, we had asked the court to take judicial notice of the document. Not only does it say that it is a modification, but the changes... Here's the argument that the title doesn't control, and I think we all agree with that. Your honor, that may be, but if you look at the document itself, there is a significant change in the loan. This is a 30... Tell me why this matters. This is what I'm trying to understand. When you say it wasn't a first lien loan modification, then that favors him, not you, right? No, no, it is a first lien loan modification. Okay, but this is also a first lien loan modification. But if you've already been accepted for one and you have breached it under 2923.6c, then the lender can immediately go ahead and record the notice of default. The only out for the borrower in that That's what I'm trying to understand, okay? We have 2923.6c, right? Correct. And if this wasn't... See, if this wasn't... Was this a complete application for a first lien loan modification? Yes, in fact, they received it. But the district court said it wasn't, because he thought first meant first, not second. He said it was second. So you're not... You're walking away from that. Yes, I think... You don't agree with that. I don't agree with that. This was, in fact, a modification, a prior modification. I'm not talking about the prior one. I'm talking about this one. Yes. Was this a complete application for our first lien loan modification? I'm sorry, Your Honor, I don't... Which one when you say this one? The one that he's complaining that you were dual tracking and didn't give him... The second one. The second application. Is that covered by C? Is it a first... Is it a complete application for a first lien loan modification? Yes, but it's... Yes, okay. It is, but it doesn't qualify under the statute. Because? Because once you've already received... And where are you getting that from? 2923.6c3. Okay, that... But that's what I was trying to ask before. It says if the borrower accepts a written first lien loan modification but defaults on or otherwise breaches under the first lien loan modification. And so you're reading that as applying to the earlier one, not to this one? Correct. And my question is why? I mean, why isn't this the same? Why isn't this one talking about defaulting on this application? Because what the legislature did in G is it indicated its delayed by successive loan application modifications. So once the borrower has already received one, the lender does not have to re-evaluate. And what counsel indicated was, well, that statute's limited to the issue of delay, and unless delay can be shown, then you don't have to look at the prior loan modification. I don't agree with that at all. Because if the court were to read into the statute that the lender would actually have to show delay in order for that provision to apply, the statute would in effect be nullified because the borrower would always say, I'm not doing this for the purpose of delay. And once the borrower had already received a loan modification and defaulted, which is exactly the situation we have here, the legislature said that the lender can then go ahead and record the notice of default. 2923.6C says the mortgage servicer, mortgagee, those identified therein, shall not record a notice of default until any of the following have occurred. C-3 is the borrower accepts a written lien loan modification but defaults. This borrower had accepted a written lien loan modification. It is the exhibit to the request for judicial notice that we filed. I know appellants counsel wants to characterize that as not a modification, but I would ask the court to look at it. That document, this is a 25-year loan. The modification is entered into in approximately year 5 or 6. It changes the interest rate on the loan from what was an adjustable interest rate to now for the following 25 years, a fixed interest rate. I would submit that under any definition of modification, that is a modification of a loan. A 30-year loan which was originally adjustable, it is now fixed. So that issue I think is water under the bridge. It is exhibit C to our request for judicial notice. That is the loan modification. And the original loan documents are at excerpt of record 39-44 and 53-58. So the court can compare the modification with the original deed of trust which has an adjustable rate rider attached. Again, that's, I'm sorry, that's excerpt of record 139-44 and excerpt of record 53-58. If we were to agree with your position, the first adjustment was a loan modification. Yes. And your view is that they've defaulted on it and there need be no further analysis of G at all. Is that correct? Unless there has been changed circumstances in accordance with the statute. And what about remand with a changed circumstance? Well, what I would say is this. I mean, this is the first, nowhere in the opening brief and nowhere in the reply brief does, do the appellants say how they could amend to alleged changed circumstances. It's something that... But isn't our general rule in this circuit that there should just not be a dismissal? I mean, in this instance what happened was the district court got the statute wrong, right? Because the district court, as I said before, thought they didn't, he didn't think the changed circumstance applied. Therefore, he didn't give them a chance to do it. So it seems that if we correct the error the district court made, why shouldn't they have a chance to make an amendment? They would have, presumably, because the law in this circuit is generally that you don't dismiss without leave to amend without giving at least a chance to amend ordinarily. Your Honor, I agree with that, but I would have two responses to it. One is that whether or not the district court correctly analyzed the statute, this court will affirm if... Well, he didn't. I mean, not whether or not, he didn't. So go ahead. Assuming that he didn't, this court affirms if the judgment is correct on any ground supported by the record, not whether the district court... Well, it isn't if he would otherwise have had an obligation to give a leave to amend and didn't because he misunderstood the statute. Well, Your Honor, I would say this about, again, I think this is the only thing we can say at this point about the changed circumstances. That is that apparently not in the opening brief and not in the response brief is there any suggestion that how the plaintiff would actually go about amending, not only to allege changed circumstances, and that's not all that the statute requires. It also requires that the plaintiff submit those changes, that they be documented and submitted to the mortgage servicer. So in order to satisfy G, he would have to allege that both things had occurred and he couldn't do that at the district court level, even if the district court had given him the right to amend? Is that your point? Because he never did submit one. As far as I know, that's correct. I don't know the answer to that, Your Honor. But he would have to be... What's your position? My position is that he would have to be able to allege not only changed circumstances, but those changed circumstances are documented and submitted to the borrower, to the lender. And what instead the plaintiff has been arguing here is that if in fact he had been considered on the second go-around when this assistant that they had hired, Interlinks, would have completed the loan modification, they may in fact have been approved for another loan or they would have, if they thought they were being considered for a loan, they would have stopped and gone to other foreclosure alternatives. There's nothing in the complaint that suggests that any of the appellees ever stopped the appellants from looking at whatever they wanted to look at in terms of... Well, yes, but if in fact the statute applied, the dual tracking statute, the whole point of it is that they should get an answer and not be left in limbo and not know what to do next. Can you briefly address the other provisions that were at issue, the single contact provision and the form, whatever it's called? There is a declaration that is required to be attached to a notice of default. It is one of the documents that is part of the excerpt of record. I believe it is at 156. What are the consequences of either not doing it or doing it wrong or anything else? I don't think there are any consequences. In this case, what happened was the servicer checked the wrong box. There's a box to either say, I contacted the borrower or a box to say, I attempted to contact the borrower but was unable to contact the borrower after a certain number of diligent attempts. That's what the statute requires. In this case, it is alleged that the servicer did in fact contact the borrower. They were in contact. I don't know if he contacted it. There was contact between them. I don't know who contacted whom. I thought the problem was that he didn't contact the borrower and the borrower thinks to contact the lender. But it isn't true that they tried to contact the borrower and couldn't. No, no. That's the error in the form. Right. This is what I don't understand. Yeah. I mean, in fact, there is no box on that form that they could have checked correctly. Isn't that right? No. I believe that there is, Your Honor. If I can get the — I believe it is 156 of the I thought the problem was that the one that said, well, I contacted them said, we contacted them and gave them a chance to modify or something like that. So I think that none of the three categories, nothing on the box really applied. They checked the box number two, which says, I've tried with due diligence and was unable. Box one is, I have contacted the borrower. That's excerpts of record 156. So what happened here was, in fact, the borrower was contacted, but the servicer checked the wrong box. So the question then for the court is, what is the result of checking the wrong box? And our position is that there's no effect for two reasons. Number one, the statute, in order to have damages after a foreclosure sale under 2924.12, and that's the situation that we're in here, the borrower must allege two things. One is a material violation of the statute and resulting actual economic harm. By checking the wrong box, our position is it's not a material violation. Why is it not a material violation? Because the borrower knows that they have been in contact. In fact, the basis of virtually their entire complaint is, they were in contact, but they didn't get the second loan modification they believe that they were entitled to. We don't believe they were, but that's their position. So it's not a material violation. Even if it was a material violation, in order to have a damages claim, they would have to allege actual economic damages resulting from the violation. The California Legislature didn't draft the statute to say any violation results in liability or any violation gets you, for example, a statutory amount of damages. It said there must be a material violation which results in actual economic damages. There's nothing alleged. I'm sorry. Okay. Now, let me just explain what I meant before, and then I — the one — the provision that they checked, we all agree, doesn't apply. But it doesn't seem to me to be more favorable to the plaintiff. The other one that he didn't check was the mortgage servicer has contacted the borrower pursuant to such-and-such to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. Well, that didn't happen, right? Well, the borrower was contacted. The plaintiff's — But not to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. That is what the plaintiffs allege. But the question — Well, there's no evidence that that happened, right? Well, there's no evidence because that — we're going on their pleadings, and they allege that they were contacted, but there was no assessment. So in fact, there is no — the problem is that saying that they couldn't get him is sort of avoiding, omitting that — or at least it could be understood that way, that you never — that the borrower didn't actually do what one says either. But I don't know what the consequence of any of that is. That's what I'm trying to explain, Your Honor. The — there are two consequences for making a mistake on this form, two potential consequences. Potential consequence number one is, is it a material violation? If it is a material violation of the statute — A material — it would never be a material violation. I'm sorry? Nothing on this form could ever be a material violation. I don't know I'd go far enough to say that. But in this case, where the borrower was in fact contacted, and the borrower — But he wasn't contacted by his assessment in the way that — in other words, if this had been filled out properly, none of the boxes would have been checked, according to him. And then what? Then the question is, is — if none of the boxes were checked, is that a material violation? And if it is a material violation, then what does plaintiff allege to be the actual economic harm resulting from that, which is required by 2924.12? There is nothing in either the original complaint or in the first amended complaint that alleges that. This declaration of the mortgage servicer is not — if you give this piece of paper — where does this piece of paper go? Where does it go to? This is attached to the notice of default. All right. And if he were — gave it — handed it in with nothing checked, would that affect the notice of default? I believe — if nothing were checked, I believe it would, yes. All right. Well, the real allegation is nothing — that none of these applied. Well, but it doesn't — it only affects the notice of default, Your Honor, if in fact it is considered to be a material violation and if it results in actual economic damages, because the statute further provides that the foreclosure sale will not be set aside. 2924.12 further provides that where you have a bona fide purchaser, the statute says the sale will not be set aside. So then the question — Okay. You're way over your time, and I — it was my fault, so — but thank you very much. Thank you. I'll give you three minutes for rebuttal, since he wasn't offered by seven minutes. Sticking with this topic — Would you mind starting with whether you could or did allege that the — any change circumstances were submitted to the lender? We did not allege that change circumstances — But could you allege that? Yes. And — You submitted it to the lender is what's being asked. Yes, we can. I have on my iPad all three applications that were submitted that state what I said in response to Judge Tshishima's question, could I allege that there were change circumstances under Rule 11? And yes, we can. There's a form that you fill out, a request for mortgage assistance, and what is alleged in the complaint is that it was submitted three times. What's not alleged in the complaint is — and those say that there are change circumstances. Is that in the appendix? Are those documents in the appendix? No, because they were not attached to the complaint. They were not — they were not submitted to the district court. But they could be simply incorporated in the complaint. They could be, yes. We could allege under Rule 11 that there were change circumstances, that they were documented, there's an income and expense form that's filled out, and that they were submitted to the servicer. On this dual tracking thing real quick, because I looked at it, too, and I said, well, how could Subdivision C-3 apply, the recording of the notice of default, if they in fact defaulted on the first lien loan modification, and Subdivision G apply at the same time? And I want to direct two points on that. First, even if they don't have to evaluate the application, they still have to respond to it and give the notifications that are required by, for instance, the due dill — well, that's a separate matter — by 2923.6, the denial. They're still entitled to a denial, even if it's not a — Well, yeah, but then you're up against the damages problem again. I mean, if in fact all you were entitled to was a denial, what are your damages? Well, how could you ever prove damages under this statute? This statute has everything to do with procedural steps, notifications, so that you know what to do, so that you are not wondering what's going on, so that you don't withdraw $70,000 from an IRA to make a $45,000 payment when maybe you will get a loan modification. But if you're told we're not going to do that, 2923.6F says that one of the reasons for the denial, F4, is if you defaulted or did not make successful payments on a previous modification. So even if you grant appellee everything that they're contending, that this was a second application, that there were no changes in financial circumstances, they are still entitled to notice of this denying it because you already defaulted. Would you say the same thing about the single contact person? Because that's a little fuzzier. As far as damages go or whether you're entitled to it? As far as damages go. Yes, because the point of the single — well, there's a couple of purposes for the single point of contact, but one of them is to keep you abreast of the status. If there are forms — if there's information missing from the documents, even the district court pointed out that the single point of contact could have told them, we need documents that show change in circumstances. But what the court ended up denying — granting the motion on was the issue of harm and the cause of damages. On this declaration issue, you're correct, Your Honor. There is no box that could be checked. And then what? What would happen if they — I'm just curious. I don't understand. If he had handed this in with no box check, what would have happened? First of all, if the purpose is just to inform the buyer of this stuff, then there would be no need for a declaration because, as counsel says, they knew what was going on, although they allege they don't know what was going on. That's the entire problem. But this gives notice to the world that we have — that they're in default and that we've done everything we're supposed to do under the applicable statutes and we can proceed to the next step. What happened here? They checked the box and then there was a third party that purchased it for value, quote-unquote, without notice. There was a point that maybe a third party wouldn't have — maybe in doing due diligence they wouldn't have purchased it because they wouldn't have thought there was a problem or the buyer people might have thought there was a problem or something? Or they wouldn't be a third-party purchaser for value without notice. They'd be one with notice. All right. Thank you very much. Thank you. Thank you both. This is a statute we don't see very often, maybe never. So, thank you both for your useful arguments in Travis v. Nation Store Mortgage. And the next two cases, Lenox v. CPC Restaurant and Estate of Selma Stern v. Cheskan Retreat were both submitted on the brief, so we'll go on to ExxonMobil.
judges: Tashima, Berzon, Payne